UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARLIN WALKER,

                Petitioner,

                                          DECISION AND ORDER
      v.                                      06-CV-0829A
                                                 05-CR-0043A

UNITED STATES OF AMERICA,

                Respondent.

---

## **INTRODUCTION**

Currently before the Court is the motion of petitioner Marlin Walker to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. For the reasons stated, the motion is denied.

## **BACKGROUND**

On January 31. 2005, petitioner waived indictment and pled guilty to a one-count information charging him with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). On July 1, 2005, he was sentenced principally to a term of imprisonment of 120 months. He appealed, but his appeal was dismissed by the Second Circuit Court of Appeals on March 22, 2006.

On December 15, 2006, petitioner filed the instant motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. On April 27, 2007, the government filed a response opposing petitioner's motion.

## DISCUSSION

Although not clearly stated, petitioner appears to be claiming that the Court erred by not running his sentence in this case concurrently with another sentence he was serving for a supervised release violation. The Court finds that petitioner's claim of error is procedurally barred.

In ¶ 11 of petitioner's plea agreement, the parties agreed that petitioner's sentencing range under the United States Sentencing Guidelines would be 188 to 235 months. In ¶ 18 of the plea agreement, petitioner waived any right to appeal or collaterally attack any sentence imposed by the Court that fell within or was less than the 188 to 235 month range. As stated above, petitioner was sentenced to 120 months. Petitioner's knowing and voluntary waiver of the right to appeal or collaterally attack his sentence precludes any subsequent challenge to his sentence. See United States v. Djelevic, 161 F.3d 104, 106 (2d Cir. 1998); United States v. Pipitone, 67 F.3d 34, 39 (2d Cir. 1995).

Petitioner does not allege that his waiver of his right to appeal or collaterally attack his sentence was not knowing and voluntary. To allow petitioner to collaterally attack his plea under § 2255 at this point would be to

countenance an obvious circumvention of the plea agreement in which petitioner bargained away his right to appeal or collaterally attack his sentence. This the Court will not do. As the Second Circuit has stated, "[t]he government, [the] court, the public, *and* criminal defendants have legitimate interests in the integrity of the plea bargaining process and in the finality of sentences thus imposed." Pipitone, 67 F.3d at 39 (citations omitted) (emphasis in original). "[T]he waiver provision is a very important part of the [plea] agreement–the Government's motivating purpose, decreased effort and expense of protracted litigation, is not well-met if the defendant is permitted to appeal that to which he has agreed." United States v. Rosa, 123 F.3d 94, 97 (2d Cir. 1997).

In any event, petitioner's claim of error lacks any substantive merit. He fails to state any facts or legal basis to support his claim that the Court was required to run his sentence concurrently to any other sentence. In fact, petitioner had served his entire sentence on the supervised release violation prior to sentencing in this case. Thus, the sentence in this case could not be made concurrent to the supervised release sentence as that sentence had already been discharged. At sentencing, petitioner asked to be credited for this time in the form of a non-guidelines sentence, but the Court denied his request.

**<u>CONCLUSION</u>**

For the reasons stated, petitioner's § 2255 motion is denied. The Clerk of Court is hereby ordered to enter judgment in favor of the respondent and take all steps necessary to close the case.

A certificate of appealability is hereby denied as petitioner has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith and therefore denies leave to appeal as a poor person. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962). Any further requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

        s/ *Richard J. Arcara*
        HONORABLE RICHARD J. ARCARA
        CHIEF JUDGE
        UNITED STATES DISTRICT COURT

DATED: November 8, 2007